ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| WINN Solutions LLC | ) ASBCA No. 63803 |
| | ) |
| Under Contract No. W911S2-23-P-1529 | ) |

APPEARANCES FOR THE APPELLANT:     Barbara Kinosky, Esq.
                                   Brandon Graves, Esq.
                                     Centre Law & Consulting, LLC
                                     Tysons, VA


APPEARANCES FOR THE GOVERNMENT:    Dana J. Chase, Esq.
                                     Army Chief Trial Attorney
                                   MAJ Katharine M. Calderon, JA
                                   LTC Nolan T. Koon, JA
                                     Trial Attorneys


OPINION BY ADMINISTRATIVE JUDGE WILSON
ON THE GOVERNMENT'S MOTIONS TO DISMISS

The United States Army (Army or government) moves to dismiss this appeal for lack of jurisdiction on the grounds that there was no action by the contracting officer from which WINN Solutions LLC (WINN or appellant) could have appealed under the Contract Disputes Act of 1978 (CDA). The government also filed a separate motion to dismiss for failure to prosecute. The record shows that appellant does not oppose the motion to dismiss. For the reasons stated below, we grant the government's motion to dismiss for lack of jurisdiction.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS

1. On September 13, 2023, the Army awarded Contract No. W911S2-23-P-1529 (the contract) to WINN in the amount of $126,766.44 for the purchase and installation of commercial-off-the-shelf products for an arms room at Fort Liberty in Fayetteville, North Carolina. The products included printers, keyboards, numeric pads, smart card readers, computer tables, electronic signature pads, USB hubs, scanners, and software as part of a digital tracking and accountability system for small arms and related equipment. (Gov't mot. ¶ 1, ex. G-1)[1]

---

[1] "Gov't mot." refers to the government's motion to dismiss for lack of jurisdiction.

2.  The contract incorporated by reference Federal Acquisition Regulation (FAR) clause 52.212-4, CONTRACT TERMS AND CONDITIONS–COMMERCIAL PRODUCTS AND COMMERCIAL SERVICES[2] (gov't mot., ex. G-1).

3.  On October 12, 2023, the Army and WINN agreed to a bilateral contract modification to extend the delivery date from October 13, 2023, to December 12, 2023 (gov't mot. ¶ 2, ex. G-2).

4.  By email dated November 30, 2023, the contracting officer informed WINN that, "[i]f the contract is not or cannot be completed no later than 12 December 2023, I will be forced to terminate this contract for cause" (gov't mot. ¶ 3, ex. G-3).

5.  By email dated December 13, 2023, the contracting officer informed WINN of its "failure to provide software systems . . . by the required delivery date of 12 December 2023," and further stated that, "the Contracting Officer will terminate for cause for failure to meet the terms and conditions of this contract."  This email was not identified as a contracting officer's final decision (COFD), contained no attachments terminating the contract for cause, and did not advise WINN of its appeal rights under the CDA.  (Notice of Appeal, attach. 1 at 2[3]; gov't mot. ¶ 4)

6.  By email dated January 5, 2024, the contracting officer again informed WINN that he "will terminate for cause for failure to meet the terms and conditions of this contract" due to WINN's alleged failure to provide the software systems by December 12, 2023.  This email also was not identified as a COFD, contained no attachments terminating the contract for cause, and did not advise WINN of its appeal rights under the CDA.  Instead, the contracting officer provided WINN with instructions to file a claim and stated, "[i]f you wish to file a claim, please provide your claim documents (receipts, expenditures associated with the contract, dates, total amount of expenditures, etc.) and I will forward you[r] claim to our legal team for approval or denial."  (Notice of Appeal, attach. 3 at 5; gov't mot. ¶ 5)

7.  On January 10, 2024, WINN filed its notice of appeal with the Board, alleging that the contracting officer terminated the contract for cause.

8.  On February 5, 2024, the Army informed WINN that the contract was not terminated for cause and that the Army would be terminating the contract for the convenience of the government (gov't mot. ¶ 6).

---

[2] The present record does not specify the effective date for this incorporated FAR clause.  We note that the clause's current effective date is DEC 2022, which precedes the contract's award date.

[3] The attachments to the notice of appeal were not paginated so we cite to the attachments' pdf page numbers here.

9. On March 5, 2024, the Army issued WINN formal written notification that the contract would be terminated for convenience (gov't mot. ¶ 7, ex. G-5).

10. On March 22, 2024, the government filed its motion to dismiss this appeal for lack of jurisdiction.

11. By Orders dated March 25, 2024, May 1, 2024, and June 4, 2024, the Board directed appellant to respond to the government's motion to dismiss for lack of jurisdiction. Appellant did not submit a response to the government's motion.

12. On June 20, 2024, the government filed its motion to dismiss this appeal for failure to prosecute pursuant to Board Rule 17.

13. By Order dated June 26, 2024, the Board directed appellant to show cause why this appeal should not be dismissed.

14. By letter dated August 13, 2024, the government reiterated its position to the Board on its motions and included an email exchange with appellant regarding its intent to reply. The emails indicate that on July 19, 2024, the government inquired regarding whether appellant planned to provide a response to its motions. In its response dated July 24, 2024, appellant provided the following information to the government: "We will not oppose the Motion to Dismiss since we discovered after the fact that the contracting officer did not actually terminate the contract for default despite his claim that he did (twice)." Appellant did not submit that information to the Board directly, nor did it reply to the Board's Show Cause Order.

<u>DECISION</u>

In the government's motion to dismiss for lack of jurisdiction, it contends that the Board lacks jurisdiction over this appeal because, "there is no documentation from the contracting officer that is a final decision terminating the contract for cause," and thus there was no action by the contracting officer from which WINN could have appealed under the CDA (gov't mot. at 3).

Pursuant to the CDA, "[e]ach claim by the Federal Government against a contractor relating to a contract shall be the subject of a written decision by the contracting officer." 41 U.S.C. § 7103(a)(3). *See also Beechcraft Def. Co.*, ASBCA No. 59173, 14-1 BCA ¶ 35,592 at 174,395 (discussing the CDA requirement (§§ 7103-7104) that all Board appeals, including government claims, be the subject of a contracting officer's final decision or deemed denial). Further, we have held that, "[f]or the Board to possess jurisdiction over an appeal from the default there need only be a final decision terminating the contract, followed by a notice of appeal filed within

90 days of its receipt." *Heffler Contracting Grp.*, ASBCA No. 63565, 24-1 BCA ¶ 38,529 at 187,291 (citing 41 U.S.C. §§ 7104(a), 7105(e)(1)).

Next, we look to the requirements of a government claim when terminating a contract for cause. Although FAR 52.212-4 (incorporated by reference in the contract, *see* SOF ¶ 2) permits the termination of a commercial products or commercial services contract for either the convenience of the government or for cause, *see* FAR 52.212-4(l)-(m), FAR 12.403 sets forth the procedures that contracting officers shall follow when terminating such contracts:

> When a termination for cause is appropriate, the contracting officer shall send the contractor a written notification regarding the termination. At a minimum, this notification shall–
>
> (i) *Indicate the contract is terminated for cause*;
> (ii) Specify the reasons for the termination;
> (iii) Indicate which remedies the Government intends to seek or provide a date by which the Government will inform the contractor of the remedy; and
> (iv) *State that the notice constitutes a final decision of the contracting officer and that the contractor has the right to appeal under the Disputes clause (see 33.211)*.

FAR 12.403(c)(3) (emphasis added).

Here, we agree with the government's contention that the contracting officer never issued a COFD terminating the contract for cause. Instead, the contracting officer's correspondence to WINN on November 30, 2023, December 13, 2023, and January 5, 2024, only warned that the contract would be terminated for cause should WINN fail to "meet the terms and conditions of this contract" (SOF ¶¶ 4-6). Additionally, the undisputed evidence in the present record provides no evidence that the contracting officer sent WINN written notification which indicated that WINN's contract was terminated for cause, stated that the notification constitutes a final decision, and advised WINN of its appeal rights in accordance with FAR 12.403(c)(3) prior to WINN's filing of its notice of appeal on January 10, 2024. In fact, on March 9, 2024, the Army issued WINN the formal written notification that the contract would be terminated for convenience, not default (SOF ¶ 9).

Because the government has demonstrated that there was no written decision by the contracting officer from which WINN could have appealed under the CDA, we grant the government's motion to dismiss for lack of jurisdiction. Accordingly, the government's motion to dismiss for failure to prosecute the appeal is moot.

4

CONCLUSION

The appeal is dismissed.

Dated: September 18, 2024

_____
OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur                                        I concur

_____          _____
MICHAEL N. O'CONNELL                    DAVID B. STINSON
Administrative Judge                    Administrative Judge
Vice Chairman                           Armed Services Board
Armed Services Board                    of Contract Appeals
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 63803, Appeal of WINN
Solutions LLC, rendered in conformance with the Board's Charter.

Dated: September 18, 2024

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5